Memorandum. The general rule is that no broker’s commission is earned until the buyer and seller have reached a meeting of the minds with respect to the essential terms of the sale (Kaelin v. Warner, 27 N Y 2d 352). The exception to this rule here applicable is that the seller may not avoid payment of the commission when the transaction is terminated by his failure to perform a condition, express or implied, necessary for completion (Lane-Real Estate Dept. Store v. Lawlet Corp., 28 N Y 2d 36, 43; Levy v. Lacey, 22 N Y 2d 271, 276). Contrary to the intimation in the majority’s statement below, the failure to perform need not necessarily be born of bad' faith. Here, where defendant lessor actually signed a lease with a commercial tenant procured by plaintiff, one of the purposes apparently being to further his variance application pending before the zoning board, and then committed the act which rendered completion of the deal impossible by withdrawing his variance application, it was a question of fact whether essential agreement had been reached and whether defendant wrongfully or arbitrarily prevented completion. We find no reason to disturb these findings against defendant and write only to point out that bad faith is not necessarily an essential ingredient to the finding of wrongful prevention.
*901 The order appealed from is affirmed.
Chief Judge Brbitel and Judges Jasen, Gabrielli, Jones, Wachtler and Stevens concur; Judge Rabin taking no part.
Order affirmed, with costs, in a memorandum.