■ VISUAL ELECTRONICS CORPORATION, Appellant, v MURRAY C. MORCHELES et al., Respondents.—Judgment, Supreme Court, New York County, entered March 9, 1976, granting defendants' motion for summary judgment and dismissing the complaint for the reason that the causes alleged are barred by the plea of *res judicata* and collateral estoppel, unanimously affirmed with $60 costs and disbursements to respondents. This affirmance is predicated upon the reasons stated in the memorandum decision of Nadel, J., with the further observation that after a trial, the New Jersey Superior Court held, *inter alia,* that there was no *material* mistake of fact with respect to the settlement agreement of February 28, 1972. Concur—Stevens, P. J., Murphy, Lupiano, Lane and Yesawich, JJ.

■ RALPH ROBERTS et al., Respondents-Appellants, v FOOD FAIR STORES, INC., Appellant-Respondent.—Order, Supreme Court, New York County, entered March 16, 1976, denying plaintiffs' motion for summary judgment on the first cause of action and denying defendant's cross motion for summary judgment on both causes of action, unanimously modified, on the law, to grant defendant summary judgment dismissing, and severing, the first cause of action and otherwise affirmed, without costs and disbursements. Defendant and a third party entered into a 25-year lease of the defendant's realty through the efforts of the plaintiff real estate brokers. The commission agreement between the plaintiffs and the defendant provided that, should the lease be terminated "for any reason whatsoever", no commissions would be payable beyond the date of termination. Little more than two years later the tenant contracted to purchase the property, terminating the lease. The plaintiffs' first cause of action seeks commissions on rents for 25 years of the lease. Special Term held that, without resort to disputed evidence outside of the written contract, it could not determine whether it was the intention of the parties to permit the defendant to terminate by its unilateral action. We find no necessity to go beyond the written contract; it clearly included within its contemplation a unilateral action by the defendant when it precluded commissions for the plaintiffs upon termination "for any reason whatsoever". In the absence of allegations of fraud or bad faith, the cause of action must be dismissed *(Elliman & Co. v Sterling Garage,* 279 App Div 20, affd 304 NY 846; cf. *Trylon Realty Corp. v Di Martini,* 34 NY2d 899 [where there was no such preclusive agreement]). In the second cause of action, seeking commissions for procuring the tenant's purchase of the property, Special Term correctly found questions of fact concerning the plaintiffs' participation in bringing about the sale. Concur—Markewich, J. P., Murphy, Birns, Nunez and Lynch, JJ.