■ J. Edward De Long, Respondent, v Peter R. Akley et al., Appellants. — Judgment unanimously affirmed, with costs. Callahan, J., not participating. Memorandum: Plaintiff, a real estate broker, has recovered a judgment based upon a jury verdict awarding him $19,600 commissions from defendant owners, the jury finding he earned them in attempting to sell defendants' apartment house in Syracuse. By the terms of the listing agreement, defendants agreed to pay plaintiff 7% of the selling price if he procured a purchaser on the terms specified or any other terms accepted by the sellers. He procured such a purchaser and the sellers signed a purchase offer by which they agreed to sell the apartment house for $280,000, contingent upon the sellers' agreement to try to increase the first mortgage from $200,000 to $220,000 and to have at least 14 apartments occupied by the time of closing with the tenants paying $180 per month rent pursuant to one-year leases. These contingencies were approximately the same as the terms of the sale which the owners promised to perform in their listing agreement with the broker. The court charged without exception that plaintiff must first prove that the contract failed through the owners' fault in meeting these contingencies and that if he did so by a preponderance of the evidence, the burden then shifted to defendants to establish that they were not able with reasonable effort and good faith to meet the contingencies (see *Trylon Realty Corp. v Di Martini, 34 NY2d 899, 900*). Plaintiff's evidence established that the sale failed because defendants did not meet the contingencies for rental or increasing the first mortgage, and his proof was also sufficient to permit the jury to find defendants' failure to perform resulted from their lack of a reasonable effort. Thus, plaintiff's evidence showed that the one apartment rented before the listing rented for $180 and that those rented after the proposed sale was abandoned all rented for $180 per month or more. By contrast, the six apartments rented while the purchase offer was in effect were rented for $165 per month or less. Defendants claimed that they hired a rental agent who made reasonable efforts and they contended that an increase in the loan was impossible in light of the poor rental experience during the three months the property was under contract to sell. However, the rental agent did not testify and his failure to do so was not explained. The evidence showed that defendants made only informal contacts with banks about increasing the principal amount of the first mortgage and made no effort to reappraise the property. Moreover, plaintiff testified, without contradiction, that shortly after the purchase offer was accepted defendant Akley told him that the owners had to have more money.

On this evidence, the jury could find that defendants had failed in their burden of proof to show that they made reasonable efforts to fulfill their end of the bargain and complete the sale. (Appeal from judgment of Onondaga Supreme Court — real estate commission.) Present — Cardamone, J.P., Simons, Callahan, Moule and Schnepp, JJ.