■ In the Matter of LARRY A. GRAY, Appellant-Respondent, v SUSAN R. GRAY, Respondent-Appellant. — Cross appeals from an order of the Family Court of Warren County (Katz, J.), entered July 5, 1983, which, *inter alia,* directed respondent to pay $30 per week for the support of her three children and $300 in arrearages. ¶ In 1979, petitioner and respondent were divorced; custody of their three children was awarded to petitioner. No provision for child support payments was made. Petitioner brought this proceeding requesting that respondent, pursuant to her obligation to support her minor children under section 413 of the Family Court Act, be directed to pay $50 per week per child as well as the children's medical and dental bills not covered by insurance. Family Court ordered respondent to pay a total of $30 per week for child support in addition to $300 in arrearages. These cross appeals ensued. ¶ We affirm. Respondent maintains that since the divorce decree contained no provision for support, petitioner is now barred, absent a change in circumstances, from requesting any, and that, in any event, Family Court erred in awarding petitioner child support in view of the parties' financial circumstances. The assertion that petitioner must show a change in circumstances to justify any award is incorrect. Where an order for support is already in existence and the parties are before the court seeking a modification, a showing of change of circumstances is required before Family Court may modify the order (Family Ct Act, § 461, subd [b], par [ii]; *Sessa v Sessa,* 84 AD2d 786). Here, the issue of child support was never broached. However, the fact that no provision has been made for such support in a divorce decree or a separation agreement does not eliminate a parent's duty to support its child (*Horne v Horne,* 22 NY2d 219, 223). Hence, petitioner, as the custodial parent, was not obliged to demonstrate a change of circumstances to be entitled to child support. ¶ Following a hearing, Family Court found that petitioner's

expenses exceeded his income by $128.99 per month and that respondent's income exceeded her expenses by over $400 per month. Admittedly, $918.51 of petitioner's monthly expenses represented payment for previously incurred debts, and of that amount $577.03 is directly attributable to remarriage expenses. Nevertheless, the issue is not whether petitioner could, if more frugal, manage to support his children single-handedly. Since the amendment to section 413 of the Family Court Act (L 1980, ch 281), both parents are chargeable with supporting their children. Inasmuch as the fundamental consideration in determining whether, and if so how much, to award in child support is the best interest of the children, and this embraces insuring that they are adequately provided for (*Matter of Brescia v Fitts,* 56 NY2d 132, 141), it was not an abuse of discretion for Family Court to make the award it did. ¶ In rendering its decision, Family Court considered the following: that both parents are chargeable with support, petitioner's expenses and their source, the amount of the deficiency in petitioner's available funds, the emotional benefit his remarriage might have on the children, and the obligations and income of respondent. It also acknowledged that respondent paid for all the children's expenses during periods of visitation, which included one night weekly, every other weekend and one month during the summer. The amount awarded was not unreasonable and was well within Family Court's discretion. ¶ Petitioner's argument that the amount should be increased to $104.25 a week to redress an error made on his financial statement, which was brought to Family Court's attention during the hearing, is rejected, as is his request that respondent be required to pay all medical and dental bills not covered by insurance. Family Court explicitly found insufficient evidence to award such medical expenses and its decision impliedly rejected petitioner's assertion of error. Regarding the claim that respondent should be required to share in payment of taxes on the former marital residence, that is an issue that was not raised prior to this appeal and it has not been considered (see *Board of Trustees v Pyramid Cos.,* 51 AD2d 414, 416). ¶ Order affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.