■ CONCORDANT ASSOCIATES, INC., Appellant, v ABE SLUTSKY et al., Respondents. — In an action to recover a real estate brokerage commission, plaintiff appeals from a judgment of the Supreme Court, Nassau County (Berman, J.), entered May 18, 1983, which, after a nonjury trial, is in favor of the defendants.

Judgment affirmed, with costs.

Plaintiff, as a real estate broker seeking to recover commissions allegedly earned by it in accordance with the terms of a letter agreement between the parties herein, had the burden of proving not only that the prospective purchases were ready and willing to buy defendants' property, but also that they were able to do so, unless otherwise agreed (*Rusciano Realty Servs. v Griffler,* 62 NY2d 696; *Blackmore v Wigne Land Corp.,* 97 AD2d 889; *Freling v Restivo,* 69 AD2d 978).

A review of the record in the instant case shows that the only evidence plaintiff offered with respect to the prospective purchasers' financial ability to complete the transaction was the testimony of Harold L. Cherney, one of the proposed buyers. Cherney testified that he and the other purchaser owned and operated an automobile leasing company and Budget Rent-a-Car franchises. No financial statements were produced, however, nor was there any other documentary evidence to substantiate the solvency of these companies. There were no monetary figures presented to show that the proposed purchasers could have raised sufficient cash as a down payment or arranged to finance any portion of the approximately $650,000 offering price, aside from giving a $250,000 purchase-money mortgage. There was no evidence that the prospective purchasers personally owned significant assets. Thus, since plaintiff had the burden of proving the financial ability of the purchasers it obtained to complete the transaction and since it failed to meet that burden to the satisfaction of the court, as trier of the facts, it did not demonstrate that the prospective purchasers were ready, willing *and able* to buy the property and, therefore, was not entitled to receive a broker's commission (see *Lane-Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42).

Moreover, plaintiff failed to prove that an oral agreement had been reached between the prospective purchasers and defendant Slutsky as to all of the essential terms of the contract of sale, which is necessary to show that a broker has earned a commission (see *Kaelin v Warner,* 27 NY2d 352). It is well established that something more than the purchase price must have been agreed upon by the buyer and seller in order to demonstrate that there had been a meeting of the minds of the parties to the transaction (*Kaelin v Warner, supra,* p 355; *Matter of Altz,* 274 App Div 894, affd 300 NY 607). While it is true that not every item and condition which might later appear in the written contract need be settled to entitle the broker to a commission (*Williamson, Picket, Gross v Hirschfeld,* 92 AD2d 289, 293, app dsmd 60 NY2d 585), in the case at bar, several essential terms were never discussed or, at the very least, were not finalized at a

meeting held on March 16, 1982, on which date plaintiff claimed that such an oral agreement had been reached. In particular, the parties never resolved whether the purchasers would assume a $162,000 mortgage held by the Hempstead Bank or find alternative financing. No closing date was set, although defendant Slutsky did state that he would have preferred it to take place after January 1, 1983, "for tax reasons". There was also a question as to whether certain repairs would be made to the property before title passed to the purchasers. No mention was made as to the type of deed that would be prepared to convey title. Additionally, there was credible evidence presented at trial that the parties were merely negotiating a deal and nothing, not even the purchase price, had been settled.

Finally, even if plaintiff had proven that an agreement had been reached, we would not have granted a new trial in order to permit it an opportunity to prove the financial ability of the prospective purchasers to consummate the transaction. Plaintiff knew, before the close of trial, that it had the burden of proving this issue. In fact, plaintiff's counsel expressed his belief that this element had been sufficiently proven through the testimony of the witnesses. Merely because the trial court found that such evidence was insufficient should not now serve as an excuse to retry plaintiff's case. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.