◼ TRI-STATE CAPITAL, Respondent, v MURRAY LEWIS, Doing Business as LEEMOR REALTY Co., Appellant, et al., Defendant. —In an action to collect a real estate broker's commission, the defendant Murray Lewis, doing business as Leemor Realty Co., appeals from a judgment of the Supreme Court, Westchester County (Hillery, J.), entered January 25, 1985, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $125,000.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the complaint is dismissed.

The plaintiff, a real estate broker, brought this action against the appellant on the theory that he was wrongfully deprived of commissions he allegedly earned when he produced a buyer ready, willing, and able to purchase property owned by the appellant, when the appellant wrongfully refused to sell the property to the proposed buyer. However, our review of the evidence adduced at the trial, viewed in the

light most favorable to the plaintiff, establishes that the plaintiff failed to prove that he produced a buyer ready, willing, and able to purchase the property upon the terms agreed to by the appellant. There was no evidence to indicate that any date for closing (a term customarily encountered in a real estate sales transaction), had been set, and in the absence of agreement on that term, the plaintiff did not earn any commission *(see, Wykagyl Agency v Rothschild,* 100 AD2d 934).

A second bar to any recovery by the plaintiff is that undisputed testimony adduced at the trial established that the only definite term of the brokerage agreement between the plaintiff and the appellant, which was an oral agreement, was that the plaintiff would be entitled to a commission only if there was a closing. The plaintiff himself testified on his direct case that "[the appellant] insisted that I should bring in offers that were reasonable offers and we would discuss them and if we were to close, we would work something out". Consequently, "[w]hatever preparatory work the broker did to produce a ready, willing and able buyer was irrelevant once he agreed to forego his commission until passage of title. He bore the risk of the deal until the condition precedent was fulfilled, and that condition precedent * * * never materialized (see *White & Sons v La Touraine-Bickford's Foods,* 50 AD2d 547, affd 40 NY2d 1039)" *(Graff v Billet,* 101 AD2d 355, 356, *affd* 64 NY2d 899).

In light of our disposition of these issues, we do not reach the other contentions raised by the parties. Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.