■ RALPH J. TAIBI, Appellant, v AMERICAN BANKNOTE Co. et al., Respondents.—In an action to recover a real estate broker's commission, etc., the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Nastasi, J.), dated September 29, 1986, which, upon an order granting the defendants' motion for summary judgment, dismissed the complaint. The plaintiff's notice of appeal from the order entered September 18, 1986, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

An examination of the plaintiff's affidavit in opposition to the defendants' motion for summary judgment indicates that the plaintiff has not raised any triable issues of fact. The plaintiff's claim for a broker's commission under an oral, nonexclusive brokerage contract was without merit insofar as the plaintiff failed to establish that his proposed buyer was ready, willing and able to purchase the property on the defendant American Banknote's terms (see, *Lane-Real Estate Dept. Store v Lawlet Corp.*, 28 NY2d 36). The listing of the subject property by the defendant American Banknote Co. for

cash as is, did not set forth all the essential terms which would be present in a valid contract for the sale of real property *(Wykagyl Agency v Rothschild,* 100 AD2d 934). Mere agreement as to price on a proposed sale of real property does not constitute a meeting of the minds of buyer and seller so as to entitle the real estate broker to a commission *(Penzotti v Broda Mach. Co.,* 37 AD2d 340, *affd* 33 NY2d 815). The terms upon which there must be agreement include those essential terms customarily encountered in such a transaction *(see, Kaelin v Warner,* 27 NY2d 352). A broker seeking to recover a commission under a nonexclusive listing must allege in his complaint that he procured a purchaser, ready, and willing and able to buy the property, that the purchaser and seller reached a meeting of the minds, that the broker was instrumental in the negotiations and that he did in fact, procure the sale. Absent any of these allegations, the complaint is legally insufficient *(see, Miller Realty Corp. v Carpenter,* 41 AD2d 564). Moreover, the affidavit by the defendant American Banknote's would-be buyer, which asserted his financial ability to consummate the transaction, was similarly insufficient, as it was not accompanied by financial statements to substantiate his ability to purchase the property *(see, Concordant Assocs. v Slutsky,* 104 AD2d 920). As the plaintiff was unable to adduce proof of genuine issues of material fact, summary judgment dismissing the complaint was appropriate *(see, Ferber v Sterndent Corp.,* 51 NY2d 782). Mollen, P. J., Lawrence, Weinstein and Kooper, JJ., concur.