■ HEYWOOD BLAUFEUX et al., Appellants, v SAMUEL PAZNIK, Doing Business as B.L.S. REALTY COMPANY, Respondent.—In an action to recover a brokerage commission, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Robbins, J.), entered September 29, 1988, which denied their cross motion for leave to file an amended complaint and to

strike the defendant's third affirmative defense and which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff real estate brokers seek to recover a commission, claiming they obtained a buyer ready, willing, and able to purchase the defendant's Brooklyn property for the price requested by the defendant. The plaintiffs claim that the defendant frustrated a binder agreement entered into with their buyer and subsequently sold the property to third parties, refusing to pay the plaintiffs' commission. The binder agreement relied on by the plaintiffs provided for a sale price of $3,000,000 with a brokerage commission of $150,000. However, the binder omitted mention of many key terms, including an agreed-upon contract date, the method for paying the purchase price, whether by cash or purchase-money mortgage or combination, the amounts to be paid at contract and at closing, when closing was to take place, and when the seller, who had his business on the premises and intended to remain for some months, would have to vacate.

A real estate broker is entitled to his commission only when he procures a purchaser who is ready, willing, and able to purchase on the terms set forth by the seller *(see, Rusciano Realty Servs. v Griffler,* 62 NY2d 696; *Lane-Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36; *Kaelin v Warner,* 27 NY2d 352; *Skalky Realty v Willens,* 144 AD2d 405; *Concordant Assocs. v Slutsky,* 104 AD2d 920; *Wykagyl Agency v Rothschild,* 100 AD2d 934). It is undisputed that in the discussions and in the binder agreement there was no meeting of the minds between buyer and seller *(see, Monaco v Nelson,* 121 AD2d 371). The parties failed to agree on terms customarily encountered in real estate sales transactions, such as the closing date, and in the absence of agreement on essential terms, the plaintiffs did not earn any commission *(see, Tri-State Capital v Lewis,* 134 AD2d 340). In light of the plaintiffs' failure to even allege that essential terms were agreed upon by both the buyer and seller, we conclude that summary judgment was properly awarded to the seller.

We have reviewed the plaintiffs' remaining contentions and conclude that they are without merit or have been rendered academic in light of our determination. Bracken, J. P., Kooper, Rubin and Miller, JJ., concur.