■ CURRIER AND LAZIER AGENCY, INC., Doing Business as COLDWELL BANKER-CURRIER & LAZIER REALTORS, Appellant, v LEMKO RESORT, INC., et al., Respondents. [606 NYS2d 84] — Mahoney, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Hickman, J.), entered November 25, 1991 in Orange County, which granted defendants' motion for summary judgment dismissing the complaint.

In this case, plaintiff is a real estate broker who seeks to recover a brokerage commission claiming it obtained a buyer ready, willing and able to purchase certain property owned by

defendant Lemko Resort, Inc. (hereinafter Lemko). As reflected in the complaint, the transaction giving rise to the claim is a binder entered into by Lemko with Rapid Growth Corporation to purchase the property for $2,000,000. While the binder contemplated the creation of a formal purchase contract, negotiations thereafter broke down and no formal contract was ever signed. Rather, Lemko later entered into a stock purchase agreement with Benjamin Schwartz whereby Schwartz agreed to purchase all or a majority of Lemko's outstanding stock. Apparently, this purchase has not yet closed. Following joinder of issue and the completion of some discovery, defendants moved for summary judgment. Supreme Court concluded that there had been no agreement on all of the essential terms and granted defendants' motion. Plaintiff appeals.

We affirm. Even if we were to accept for argument's sake plaintiff's contention that the binder was sufficiently definite to be enforceable as a contract (see, *Blaufeux v Paznik,* 162 AD2d 573; *Monaco v Nelson,* 121 AD2d 371, 372, *lv denied* 69 NY2d 605), and also to consider plaintiff's unpleaded claim for a commission based upon the stock purchase agreement, plaintiff's arguments still cannot succeed. An examination of plaintiff's opposition papers reveals them to be completely bereft of any evidence that Rapid Growth Corporation or Schwartz were ready, willing or able to purchase; more particularly that either had made the cash deposits called for in the binder or stock purchase contract or had the financial capability to meet the $2,000,000 purchase price. Absent such showing, summary judgment was properly awarded to defendants (see, e.g., *Taibi v American Banknote Co.,* 135 AD2d 810, 811, *lv denied* 72 NY2d 803; *Concordant Assocs. v Slutsky,* 104 AD2d 920).

Mikoll, J. P., Yesawich Jr., Crew III and White, JJ., concur. Ordered that the judgment is affirmed, with costs.