■ In the Matter of GLADYS PRESTO, Appellant, v GEORGE PRESTO, Respondent. [610 NYS2d 861] —In a proceeding pursuant to Family Court Act article 4 for, *inter alia,* an upward modification of child support, the mother appeals (1) from so much of an order of the Family Court, Rockland County (Stanger, J.), entered January 9, 1992, as granted the father's objections to two orders of the same court (Hockberg, H.E.), both dated March 25, 1991, which, after a hearing, increased the child support payments from $95 per week to $133 per week to be allocated equally among the two minor children, directed the father to contribute $45 per week toward the son's college expenses, and denied that branch of the father's petition which was to suspend his obligation to provide medical insurance for the two minor children, and (2) as limited by her brief, from so much of an order of the same court, dated June 9, 1992, as, in effect, granted reargument and, upon reargument, adhered to its original determination.

Ordered that the appeal, from the order entered January 9, 1992 is dismissed, as that order was superseded by the order dated June 9, 1992, made upon reargument; and it is further,

Ordered that the order dated June 9, 1992 is reversed insofar as appealed from, the order entered January 9, 1992, is vacated, and the father's objections are denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

Upon our review of this record, it is our view that the Family Court improvidently granted the father's objections to the findings of the Hearing Examiner and suspended the father's obligation to provide medical insurance for the parties' two minor children. Great weight should be given to the determination of the Hearing Examiner, who was in the best position to hear and evaluate the evidence and the credibility of the witnesses *(see, Matter of King v King,* 193 AD2d 800; *Matter of Dinkins v Mabry,* 194 AD2d 787, 788-789; *Matter of Gilzinger v Stern,* 186 AD2d 652). We find no basis to overturn the Hearing Examiner's determination.

The mother established "changed circumstances" warranting an upward modification of child support from $95 per week to $133 per week for the parties' two minor children *(see,* Family Ct Act § 461 [b] [ii]; *Matter of Gray v Gray,* 103 AD2d 960). Further, the Hearing Examiner properly found that the evidence was sufficient to warrant that the father contribute $45 per week toward the son's college expenses *(see,* Domestic Relations Law § 240 [1-b] [c] [7]; *Manno v Manno,* 196 AD2d 488). Lawrence, J. P., Joy, Friedmann and Krausman, JJ., concur.