■ HEELAN REALTY AND DEVELOPMENT CORP., Appellant, v SKYVIEW MEADOWS DEVELOPMENT CORP., Respondent. [612 NYS2d 192] —In an action to recover real estate brokerage commissions, the plaintiff appeals from a judgment of the Supreme Court, Putnam County (Charde, J.H.O.), dated March 5, 1992, which, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

A written contract of sale was executed by the appellant broker on behalf of the respondent seller for the purchase of a parcel of land known as "The Meadows" by the buyer for a purchase price of $3,500,000. The same buyer executed another contract for the purchase of a parcel of land known as "The Valley" at a purchase price of $1,800,000. "The Valley" contract was made conditional upon the closing of "The Meadows" contract. Both contracts expressly provided that they were subject to approval by the seller's shareholders, which

would be evidenced by a delivery of current resolutions authorizing the sale.

Action on "The Valley" contract was deferred and the seller objected to a number of provisions contained in the rider to "The Meadows" contract, which included the buyer's right to cancel the contract in the event that the buyer was unable to obtain a subdivision of "The Meadows" into 137 building lots.

The seller would not release its corporate resolutions until the buyer agreed to certain proposed changes to the rider. The seller obtained a letter from the Town Planning Board indicating that the property could be subdivided as anticipated prior to a proposed new zoning ordinance. The buyer would not agree to the seller's proposed changes to the rider until it received a letter from the Patterson Town Board indicating that the subdivision would not be effected by the new zoning ordinance.

In the interim, the broker's exclusive agency was terminated. However, it still had authority to close the deal on the seller's terms. The broker did not attempt to obtain a letter from the Patterson Town Board and the seller did not obtain such a letter. Consequently, the buyer did not agree to the seller's proposed changes to the rider and thus the seller did not give its corporate resolutions approving the contract.

The contracts were cancelled and the broker sued for a commission on "The Meadows" contract in the amount of $350,000 and for a commission on "The Valley" contract in the amount of $180,000. A Judicial Hearing Officer dismissed the broker's complaint on the merits after trial.

On appeal the broker argues that it is entitled to commissions because the seller wrongfully and arbitrarily did not attempt to obtain a letter from the Patterson Town Board and did not further negotiate with the buyer, and that such inaction wrongfully prevented a meeting of the minds between the seller and the buyer. We find that the broker's contentions are without merit.

The general rule is that no broker's commission is earned until the buyer and the seller have reached a meeting of the minds with respect to the essential terms of the sale (see, *Trylon Realty Corp. v Di Martini,* 34 NY2d 899; *Kaelin v Warner,* 27 NY2d 352; *Concordant Assocs. v Slutsky,* 104 AD2d 920). Mere agreement as to the price on a proposed sale of real property does not constitute a meeting of the minds of the buyer and the seller absent agreement as to other terms that are essential and customary to a real estate transaction

*(see, Kaelin v Warner, supra; Blaufeux v Paznik,* 162 AD2d 573; *Taibi v American Banknote Co.,* 135 AD2d 810). The exception to the general rule is that the seller may not avoid payment of the broker's commission when the seller wrongfully or arbitrarily prevents the completion of the deal *(see, Trylon Realty Corp. v Di Martini, supra; see also, Nuvest, S.A. v Gulf & W. Indus.,* 649 F2d 943).

In the instant case, the seller objected to rider provisions of the contract which were not minor or trivial. The seller would not release its corporate resolutions until the buyer agreed to the proposed changes to the rider. The buyer would not agree to the seller's proposed changes until it received a letter from the the Patterson Town Board indicating that the property could be subdivided as anticipated prior to the new zoning ordinance. However, the buyer's attorney testified that he was not authorized to send out a rider signed by the buyer upon receipt of such a letter from the Town Board. Thus, contrary to the broker's argument, even if the letter had been produced, it would not have effectuated a meeting of the minds between the buyer and the seller on all essential and customary terms of the contract *(see, Trylon Realty Corp. v Di Martini, supra; Kaelin v Warner, supra; Blaufeux v Paznik, supra; Taibi v American Banknote Co., supra; Tri-State Capital v Lewis,* 134 AD2d 340; *Concordant Assocs. v Slutsky, supra; Maurice B. Cunningham, Inc. v Denckla,* 96 AD2d 580). Moreover, the Judicial Hearing Officer would not infer, absent testimony from the appropriate town authorities, that the letter from the Town Board was to be had for the asking. Thus the seller's failure to obtain a letter from the Town Board did not evidence bad faith *(see, Nuvest, S.A. v Gulf & W. Indus.,* 649 F2d 943, *supra).* Nor is there proof that the seller wrongfully or arbitrarily prevented consummation of negotiations *(see, Kent v Aurora Prods. Corp.,* 41 NY2d 836; *Trylon Realty Corp. v Di Martini, supra).*

Contrary to the broker's argument, the Judicial Hearing Officer found that the broker did have authority to bring the deal to a close and rejected the broker's argument that he was not authorized to obtain a letter from the Town Board. We find that the Judicial Hearing Officer's determination should not be disturbed because he was in the best position to hear and evaluate the evidence as well as the credibility of the witnesses *(see, Matter of Presto v Presto,* 203 AD2d 467; *Matter of Dinkins v Mabry,* 194 AD2d 787, 788-789; *Matter of Gilzinger v Stern,* 186 AD2d 652). Lawrence, J. P., Ritter, Hart and Krausman, JJ., concur.