■ MILES GARNETT, Appellant, v HUDSON RENT-A-CAR et al., Respondents. [714 NYS2d 302] —In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Nassau County (Adams, J.), entered May 17, 2000, which, after an inquest, is in his favor and against the defendants in the principal sum of $50. The notice of appeal from an order of the same court, dated July 12, 1999, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding no damages on the second cause of action to recover damages for breach of contract insofar as asserted against the defendant Talron Enterprises, Inc., and substituting therefor a provision in favor of the plaintiff and against that defendant in the principal sum of $200,000; as so modified, the judgment is affirmed, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court correctly determined that he was entitled to no more than $50 nominal damages on his cause of action to recover damages for fraud. At the inquest following the defendants' default in appearing, the plaintiff failed to prove the amount of time that he spent attempting to arrange financing for the defendants, or the reasonable value of those services. Thus, he failed to establish his loss as a result of the defendants' fraud (*see, Hanlon v Macfadden Publs.,* 302 NY 502, 511). Moreover, the Supreme Court correctly determined that the plaintiff failed to prove a prima facie case to sustain his cause of action to recover damages for negligence against all the defendants, or the cause of action to recover damages for breach of contract insofar as asserted against the individual defendants and Hudson Rent-A-Car (*see, HDR, Inc. v International Aircraft Parts,* 257 AD2d 603; *Fort Ann Cent. School Dist. v Hogan,* 206 AD2d 723).

However, contrary to the conclusion of the Supreme Court, the plaintiff established a prima facie case to recover damages for breach of contract against the defendant Talron Enterprises, Inc. (hereinafter Talron). According to the allegations of the complaint and the inquest testimony, Talron contracted with the plaintiff to obtain a lender, and the plaintiff obtained a party who was interested in providing financing, but Talron declined to participate in the lending process by failing to make its books available to the potential lender (*see, Heelan Realty & Dev. Corp. v Skyview Meadows Dev. Corp.,* 204 AD2d 601). Under the terms of the contract, the plaintiff was entitled to receive $200,000, or 10 per cent of the financing amount of $2,000,000. Thus, the plaintiff is entitled to judgment against Talron in the sum of $200,000.

The Supreme Court properly determined that the plaintiff was not entitled to recover punitive damages (*see, Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603) or an award of an attorney's fee (*cf., Winkler v Allvend Indus.,* 186 AD2d 732; *see,* 60 NY Jur 2d, Fraud & Deceit, § 244).

The plaintiff's remaining contentions are without merit. Santucci, J. P., Thompson, Sullivan and Goldstein, JJ., concur.