■ Norma Reynolds Realty, Inc., Appellant, v Thomas Miral et al., Respondents. [753 NYS2d 67] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered March 11, 2002, in an action to recover a real estate brokerage commission, dismissing the complaint after a nonjury trial, unanimously affirmed, without costs.

A fair interpretation of the evidence supports the trial court's finding that although plaintiff had produced a prospective buyer ready, willing and able to pay the price that defendant Thomas Miral had stated, there was never a meeting of the minds as to other terms customarily contained in an agreement for the sale of real property, such as a contract date, whether the premises were to be sold in "as is" condition and when the closing was to take place (see Hausman Realty Co. v Klaver, 262 AD2d 613, 614). " '[M]ere agreement as to price on a proposed sale of real property does not constitute a meeting of the minds of vendor and vendee so as to entitle the real estate broker to commissions.' " (Kaelin v Warner, 27 NY2d 352, 355.) A fair interpretation of the evidence also supports the finding that Miral's claimed need to obtain the consent of

his family before going ahead with the sale, expressed when plaintiff first brought the prospective buyer to see the house and supported by evidence that the house was owned by two trusts that Miral and his ex-wife created many years before for the benefit of their children, was not a fraudulent or other wrongful act intended to prevent completion of the deal (*compare Carnegie v Abrams*, 37 AD2d 327, *with Heelan Realty & Dev. Corp. v Skyview Meadows Dev. Corp.*, 204 AD2d 601). We have considered plaintiff's other contentions and find them unavailing. Concur—Tom, J.P., Andrias, Sullivan, Rosenberger and Gonzalez, JJ.