INDIA.COM, INC., Plaintiff–Counter–Defendant–Appellee,

v.

Sandeep DALAL, Defendant–Counterclaimant–Appellant,

v.

EasyLink Services Corporation, India Holdings, Inc., Counter–Defendants–Appellees.

No. 07–0944–cv.

United States Court of Appeals, Second Circuit.

April 28, 2009.

Sandeep Dalal, Washington, D.C., pro se.

Matthew A. Schiappa; Clemente Mueller, P.A.; Cedar Knolls, N.J., for Defendant–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. DEBRA ANN LIVINGSTON, Circuit Judges and Hon. JANE A. RESTANI,* Judge.

### SUMMARY ORDER

Sandeep Dalal, *pro se*, appeals from the October 10, 2006 judgment of the United States District Court for the Southern District of New York (Cote, *J.*) in favor of EasyLink Services Corporation ("EasyL-

---

\* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

ink"), and from the October 10, 2006 judgment denying Dalal's motion to amend the judgment, or alternatively for a new trial, pursuant to Federal Rule of Civil Procedure 59(e). While we presume the parties' general familiarity with the facts and the issues on appeal, in light of this case's long history a brief summary of the prior proceedings are in order.

In October 2001, Dalal and EasyLink signed a broker agreement ("the Third Agreement"), which provided that Dalal, as compensation for his efforts to secure a buyer and oversee the sale of India.com, Inc. (a subsidiary of EasyLink), would be paid 12.5 percent of the consideration paid by the buyer. On the same day that agreement was signed, EasyLink also signed with the buyer a stock purchase agreement ("SPA"), which stated, in part, that as condition to closing, the buyer was required to obtain approvals from various Indian governmental agencies by November 2001. The buyer never got these approvals. And, as the district court noted in its first opinion of December 2002, this failure "was directly attributed to EasyLink's failure to pay its own attorney in India ... whose assistance was necessary to complete the filing." As a result, the deal did not close.

Dalal brought claims in district court[1] and, in September 2003, judgment was awarded to him as a third-party beneficiary of the SPA. The district court did not consider Dalal's other theory of recovery, which was that EasyLink had, by not paying its attorneys, breached the covenant of good faith and fair dealing on the Third Agreement and therefore breached that agreement with Dalal. On appeal, this Court, finding that the SPA barred recovery by third-party beneficiaries, reversed the judgment for Dalal. But we remanded the case to the district court for further consideration as to "whether EasyLink, in bad faith, caused the SPA not to close, for the purpose of depriving Dalal of his commission." *India.Com, Inc. v. Dalal*, 412 F.3d 315, 324 (2d Cir.2005). On remand, the district court, which stated that the parties would be "confined by the trial record as it stood at the time of ... trial," held that Dalal had not proven that "EasyLink breached the agreement to sell India.com for the express purpose of avoiding its duty to pay Dalal's commission." This appeal ensued.

In reviewing a district court's decision in a bench trial, we examine the court's legal conclusions *de novo* and its findings of fact for clear error. *United States v. Coppola*, 85 F.3d 1015, 1019 (2d Cir.1996). Mixed questions of law and fact are reviewed *de novo*. *Scribner v. Summers*, 84 F.3d 554, 557 (2d Cir.1996). When a district court grants or denies a motion for reconsideration, we review for abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.1998). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks omitted).

The district court's decision, now before us, was based primarily on its understanding that our remand had limited the legal question in the case to whether there was

---

1. EasyLink initially brought an action and Dalal counterclaimed. EasyLink and Dalal pursued a variety of contract claims. EasyLink asserted claims that included breach of contract, breach of fiduciary duty, and breach of the covenant of good faith and fair dealing, and additionally sought a declaratory judgment that it had not breached its agreements with Dalal. Dalal counterclaimed for, *inter alia*, breach of contract and of the implied covenant of good faith and fair dealing. He also sought recovery as a third-party beneficiary on the SPA.

"bad faith." Although this was a perfectly reasonable interpretation of our remand order, the remand was not meant to be so narrow. In our previous decision in this case, a panel of our Court focused on the legal question of whether there could be recovery by a third-party beneficiary. In making that decision, we focused our attention on New York cases pertaining to the issue of third-party recovery, and we did not expressly consider the question of whether, given that the underlying contract (SPA) was substantially completed, Dalal could recover if the principal reason that the SPA did not ultimately close was the conduct of EasyLink. Our decision noted what was clearly true, namely that if EasyLink had acted with bad faith to deprive Dalal of a commission, then Dalal would recover. *See Dalal,* 412 F.3d 315. In so doing, we used language in dicta that was understandably read by the district court to require, for Dalal to recover, a finding of that sort of intent. We do not, however, think that this language was a necessary part of our prior holding, and it was therefore not necessary for the District Court to confine its legal analysis as it did.

As a general matter, a covenant of good faith and fair dealing is implicit in all contracts. *See Dalton v. Educ. Testing Serv.,* 87 N.Y.2d 384, 389, 639 N.Y.S.2d 977, 663 N.E.2d 289 (1995). The covenant "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id.* (internal quotation marks omitted). In contrast, bad faith requires a degree of malice or sinister motive, which, in this instance, EasyLink argues would be shown only if it had terminated the SPA in order to deprive Dalal of his commission under the Third Agreement. *See Cifarelli v. Vill. of Babylon,* 93 F.3d 47, 52 (2d Cir.1996) ("New York law makes plain that

bad faith requires a dishonest purpose."); *Gordon v. Nationwide Mut. Ins. Co.,* 30 N.Y.2d 427, 334 N.Y.S.2d 601, 609, 285 N.E.2d 849 (1972) (in breach of contract context, "bad faith requires an extraordinary showing of a disingenuous or dishonest failure to carry out a contract").

We do not agree with EasyLink's contention that bad faith is a necessary element that Dalal must show in order to recover. Rather, New York law holds that a seller will be deemed to have waived a closing-of-title condition "where the sale fails of completion though the seller's own fault," which may be ascertained by the "reasonableness" of one's conduct in not undertaking the agreed upon condition. *Levy v. Lacey,* 22 N.Y.2d 271, 276, 292 N.Y.S.2d 455, 239 N.E.2d 378 (1968). Thus, in *Nuvest, S.A. v. Gulf & Western Indus., Inc.,* 649 F.2d 943, 947 (2d Cir. 1981), this Court held that a seller's bad faith warranted recovery on a finder's fee contract, even though no sale had been consummated. But, we also went further and reaffirmed the New York Court of Appeals' holding in *Trylon Realty Corp v. Di Martini,* that " 'bad faith is not necessarily an essential ingredient to the finding of wrongful prevention.' " *Id.* at 949 (citing 34 N.Y.2d 899, 359 N.Y.S.2d 284, 285, 316 N.E.2d 718 (1974)). Rather, under both contract and agency law, a broker and a principal "owe each other a duty of good faith," such that "even if the conditions in a finder's fee contract have not been fulfilled, 'the seller will nevertheless be liable if he is responsible for the failure to perform the condition.' " *Id.* at 947 (quoting *Lane—The Real Estate Dept't Store, Inc. v. Lawlet Corp.,* 28 N.Y.2d 36, 43, 319 N.Y.S.2d 836, 268 N.E.2d 635 (1971)).

Indeed, this Court stated this very principle in its 2005 order in the instant case when it noted that "closing-of-title condi-

tions are not controlling where the condition's non-fulfillment is wrongfully caused by one of the parties." *Dalal,* 412 F.3d at 323 (citing *Nuvest,* 649 F.2d at 949; *Levy,* 22 N.Y.2d at 276, 292 N.Y.S.2d 455, 239 N.E.2d 378); *see also Carvel Corp. v. Diversified Mgmt. Group, Inc.,* 930 F.2d 228, 233 (2d Cir.1991) (holding that, although a disputed contract "made no express reference to the good or bad faith of the parties," the appellee could still have been found to be in material breach "if the jury had found it to have breached the *implied* duty of good faith").

Based on the findings reached by the district court at trial and the law of this Circuit, EasyLink, although not motivated by bad faith or animus to Dalal, nonetheless did breach its duty of good faith and fair dealing under the Third Agreement with Dalal by "wrongfully" and "improperly" terminating the SPA. As a result, even though the deal pursuant to the SPA did not close and closure was a condition to Dalal's receiving the brokerage fee under the Third Agreement, Dalal may still recover. As the district court reiterated on remand, EasyLink "caused the non-performance of the very condition it identified as the reason for terminating the agreement, that is, the failure to get government approval by the date listed in the agreement." Accordingly, the district court, rather than granting judgment in favor of EasyLink, should instead have granted judgment in favor of Dalal.

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND the action so that the district court can set damages.