■ RAYMOND OBIOTTA, Appellant, v DUKES SYSTEM CORP. et al., Respondents, et al., Defendants. [17 NYS3d 290]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered January 2, 2014, granting the motion of defendants Dukes System Corp. and Jesus Baello for leave to file a late motion for summary judgment and, upon doing so, granting summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, without costs.

Defendants acknowledged that their motion for summary judgment was filed 21 days after the expiration of the time period provided in CPLR 3212 (a) as a result of an error by their attorney in calendaring the deadline. The motion court did not improvidently exercise its discretion in finding good cause for the delay based on the detailed affidavit by counsel concerning the error (*see Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 128-129 [2000]).

The court also properly granted the motion for summary judgment. Defendant Baello, the driver of the truck, testified that his truck was stopped when the vehicle that was towing plaintiff's vehicle crossed the double yellow line into oncoming traffic, and swerved to avoid hitting his truck, causing plaintiff's vehicle to collide with the truck. In opposition, plaintiff failed to present evidence sufficient to raise a triable issue of fact as to defendants' negligence. Contrary to plaintiff's

argument, Baello's alleged failure to take evasive action was not the proximate cause of the accident (*see Garcia v Verizon N.Y., Inc.*, 10 AD3d 339, 340 [1st Dept 2004]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ.