Stevens v RX Med. Dynamics, LLC (2021 NY Slip Op 00816)





Stevens v RX Med. Dynamics, LLC


2021 NY Slip Op 00816


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Manzanet-Daniels, J.P., Gische, González, Shulman, JJ. 


Index No. 650391/17 Appeal No. 13090 Case No. 2020-02291 

[*1]Arthur Stevens, Doing Business as Art Stevens LLC, Plaintiff-Appellant,
v
RX Medical Dynamics, LLC, et al., Defendants-Respondents.


Raymond Schwartzberg & Associates, PLLC, New York (Raymond Schwartzberg of counsel), for appellant.
James J. DeCristofaro, New York, for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about November 18, 2019, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
The motion court providently exercised its discretion in considering defendants' motion for summary judgment, although it was filed one day late pursuant to court rules (see CPLR 3212[a]; Brill v City of New York, 2 NY3d 648, 652 [2004]). In reply to plaintiff's timeliness argument, defendants showed good cause for the delay, explaining that there had been confusion about the deadline for filing the note of issue (Obiotta v Dukes Sys. Corp., 132 AD3d 421 [1st Dept 2015]).
The court also correctly granted the motion on the merits. Under the plain and unambiguous terms of the parties' agreement, plaintiff never became entitled to his broker's fee. The agreement provided that there would be "no retainer fee so no cost" to defendants, the sellers. The parties also agreed that plaintiff "would use [his] own time to elicit quick interest" and that "[i]f a deal is done [he] would charge [defendants] 5% of [their] top line revenues for the twelve-month period as of the day of closing." It is undisputed that the parties never agreed to modify the above-quoted terms, despite some indication that defendants wanted to shift the payment of the broker's fee to the buyer, and it is undisputed that the deal with the potential buyer did not close.
Plaintiff argues that defendants' own failure to perform the condition necessary for completion of the deal  that is, the closing of the deal itself  does not absolve them of their obligation to pay the broker's fee. In support, he cites Trylon Realty Corp. v Di Martini (34 NY2d 899 [1974]), which states the general rule that "no broker's commission is earned until the buyer and seller have reached a meeting of the minds with respect to the essential terms of the sale" and an exception to the rule, that "the seller may not avoid payment of the commission when the transaction is terminated by his failure to perform a condition, express or implied, necessary for completion" (id. at 900). The exception is not applicable in this case. As shown by the letters of intent, which expressly stated that they were non-binding and subject to further negotiation, defendants and the potential buyer had not reached a meeting of the minds with respect to the proposed sale.
The unjust enrichment claim was correctly dismissed because "it simply duplicates, or replaces, a conventional contract or tort claim" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]). This is not the typical case of unjust enrichment in which "the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled" (id.).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST [*2]DEPARTMENT.
ENTERED: February 9, 2021