Alam v City of New York (2022 NY Slip Op 05582)

Alam v City of New York

2022 NY Slip Op 05582

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Renwick, J.P., Oing, González, Mendez, Shulman, JJ. 

Index No. 451193/15 Appeal No. 16364 Case No. 2021-02196 

[*1]Feroz Alam, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.

Melucci Firm, P.C., Garden City (Daniel Melucci of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about May 13, 2021, which, to the extent appealed from as limited by the briefs, granted defendant City of New York's motion for summary judgment dismissing the false arrest and false imprisonment claims, unanimously affirmed, without costs.
Plaintiff's contention that defendant failed to show good cause for its delay in filing its motion for summary judgment has been waived by his failure to dispute defendant's showing of good cause before the motion court (see Winopa Intl., Ltd. v Woori Am. Bank, 59 AD3d 203, 204 [1st Dept 2009]). In any event, the court providently exercised its discretion in considering defendant's motion (see Stevens v RX Med. Dynamics, LLC, 191 AD3d 487, 487-488 [1st Dept 2021], lv denied 37 NY3d 909 [2021]; Obiotta v Dukes Sys. Corp., 132 AD3d 421, 421 [1st Dept 2015]).
Plaintiff alleges that he was falsely arrested and imprisoned following an incident in which he and an EMT were involved in a physical altercation at a theater. A showing of probable cause to arrest, however, is a complete defense to these claims (see Gann v City of New York, 197 AD3d 1035, 1036 [1st Dept 2021]). Here, defendant established that the police had information, obtained through statements from eyewitnesses, sufficient to support a reasonable belief that plaintiff had committed multiple offenses warranting arrest (id.). Plaintiff identified no grounds upon which the police should have questioned the witnesses' credibility (id.; Medina v City of New York, 102 AD3d 101, 103-104 [1st Dept 2012]). The witness statements were sufficient to establish probable cause even if other avenues of police investigation remained, including review of surveillance footage depicting part of the incident (see Fambro v City of New York, 205 AD3d 608, 610 [1st Dept 2022]; Roberts v City of New York, 171 AD3d 139, 148 [1st Dept 2019], affd 34 NY3d 991 [2019]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022