Chelsea Props. Inc. v Wesco Ins. Co. (2023 NY Slip Op 00232)

Chelsea Props. Inc. v Wesco Ins. Co.

2023 NY Slip Op 00232

Decided on January 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 19, 2023

Before: Renwick, J.P., Webber, Moulton, González, Rodriguez, JJ. 

Index No. 650590/19 Appeal No. 17129 Case No. 2021-03968 

[*1]Chelsea Properties Inc. et al., Plaintiffs-Appellants,
v
Wesco Insurance Company et al., Defendants-Respondents.

Weg & Myers, P.C., Rye Brook (Joshua L. Mallin of counsel), for appellants.
Mound Cotton Wollan & Greengrass LLP, New York (Kevin F. Buckley of counsel), for Wesco Insurance Company, respondent.
Hurwitz Fine P.C., Buffalo (Brian D. Barnas of counsel), for Union Mutual Fire Insurance Company, respondent.

Order, Supreme Court, New York County (Arthur Engoron, J.), entered September 28, 2021, which granted defendants' motions for summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendant Wesco Insurance Company's (Wesco) motion and reinstate the complaint against it, and otherwise affirmed, without costs.
Plaintiffs seek insurance coverage for damage and losses stemming from an incident on August 6, 2018, in which bricks allegedly fell from the faÇades of their adjoining buildings at 154 and 156 Eighth Avenue in Manhattan. After the incident, first responders restricted access to the buildings until a sidewalk shed was erected to mitigate the danger.
The subject insurance policies contained exclusions for, among other things, building collapse. This appeal turns on an "abrupt collapse" exception to the collapse exclusion. The policies defined "abrupt collapse" as "an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose." The exception applied only to collapse attributed to certain identified causes. As relevant here, covered identified causes included collapse by defective construction, where the collapse was allegedly caused in part by hidden, unknown decay.
The diverging expert opinions submitted by the parties raise an issue of fact as to whether the decay that caused the incident was previously known to plaintiffs.
Defendant Wesco failed to meet its prima facie burden to establish that its policy excluded the collapse of the brick faÇade at 156 Eighth Avenue from coverage. The plain language of the exception does not indicate that "any part of a building" is solely limited to structural elements. Wesco's interpretation would render the "abrupt collapse" provision meaningless because a structurally unsound building cannot be occupied for any purpose (see Consolidated Edison Co. of N.Y. v Allstate Ins. Co. , 98 NY2d 208, 221-222 [2002]).
Supreme Court erred in determining, as a matter of law, that the incident did not render the buildings unfit for occupation for their intended purposes. The partial collapse of the faÇade at 156 Eighth Avenue created a dangerous condition, which made it unsafe to enter or exit the premises. However, a jury could reasonably find that the New York City Department of Buildings would have issued a vacate order had not plaintiffs mitigated the dangerous condition by promptly erecting a sidewalk shed (cf. Welton v AMCO Ins. Co. , 2016 WL 5243414, 2016 US Dist LEXIS 130466 [D Kansas, September 22, 2016, No. 14-CV-4066 (DDC-KGG)] [reasonable jury could find that fallen decorative brick arch in kitchen rendered home unfit for occupation for its intended purpose where cooktop was encumbered by brick debris and sink basin had separated from countertop]; Tripodi v Universal N. Am. Ins. Co. , 2013 WL 6903944, 2013 US Dist LEXIS 181807 [D NJ, December 31, 2013, No. 12-1828 [*2](NLH/KMW)] [issue of fact existed as to whether house could be used for its intended purpose where basement wall collapsed, destroying the plumbing to the kitchen, despite the fact that insured otherwise occupied home]).
By submitting undisputed photographic evidence that only bricks from the faÇade of 156 Eighth Avenue were missing whereas the brick faÇade at 154 Eighth Avenue remained intact, defendant Union Mutual Fire Insurance Company (Union Mutual) established that there was no "falling down or caving in" at 154 Eighth Avenue, its insured. Plaintiffs' attempts to refute defendant's photographic evidence failed to raise an issue of fact as to whether bricks fell from 154 Eighth Avenue. Accordingly, Union Mutual was entitled to summary judgment dismissing the complaint as against it.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2023