ARCPE1, LLC v Public Serv. Mut. Ins. Co. (2024 NY Slip Op 05397)

ARCPE1, LLC v Public Serv. Mut. Ins. Co.

2024 NY Slip Op 05397

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, Shulman, Michael, JJ. 

Index No. 161751/14 Appeal No. 2940 Case No. 2023-05010 

[*1]ARCPE1, LLC, Plaintiff-Appellant,
v
Public Service Mutual Insurance Company, Defendant-Respondent, Public Service Insurance Company, Defendant.

Thomas H. Curran Associates, LLC, Boston, Massachusetts (Thomas H. Curran of the bar of the Commonwealth of Massachusetts, admitted pro hac vice, of counsel), for appellant.
Mound Cotton Wollan & Greengrass LLP, New York (Kevin F. Buckley of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered April 19, 2023, which granted defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion insofar as the complaint seeks coverage for damage caused by sprinkler system leakage, and otherwise affirmed, without costs.
The court providently exercised its discretion in hearing the motion. Defendant offered more than a perfunctory claim of law office failure, which was sufficient to show good cause for its delay in filing its motion for summary judgment (see e.g. Obiotta v Dukes Sys. Corp., 132 AD3d 421, 421 [1st Dept 2015]; Stevens v RX Med. Dynamics, LLC, 191 AD3d 487, 488 [1st Dept 2021], lv denied 37 NY3d 909 [2021]).
On the merits, in connection with water damage that occurred after pipes froze and burst, causing leaks to sprinkler and domestic water lines, the court properly found that the domestic water line leak damage was excluded under subpart (d) of the insurance policy's vacancy exclusion for "Water damage."
However, the court should not have granted summary judgment as to plaintiff's claim for damages connected to the sprinkler system leakage under that same vacancy exclusion. There is a triable question of fact whether the original insured, the restaurant Carmen Anthony Restaurant Group (CARG), sufficiently protected the sprinklers against freezing as required by the exception to the exclusion (see generally Chelsea Props. Inc. v Wesco Ins. Co., 212 AD3d 497, 498 [1st Dept 2023]; Zimmerman v Leatherstocking Coop. Ins. Co., 226 AD3d 1239, 1240 [3d Dept 2024]). Evidence supporting plaintiff's case that CARG protected the sprinklers from freezing includes the fact that the premises used a dry-pipe sprinkler system with an electric heater that CARG's CFO testified was on at the time she visited the restaurant on the day of the loss.
Against this showing, defendant failed to eliminate any question of fact. While its expert identified three potential causes for why water entered the dry pipes, he did not conclude what actually caused the sprinkler pipes to hold water, and defendant does not explain why we should find that CARG did not meet its obligation to protect the system even if the sprinkler failed because of one of those theories (see e.g. Saiz v Charter Oak Fire Ins. Co., 2007 WL 2701398, *6, 2007 US Dist. LEXIS 67767, *17-20 [D Colo, Sept. 12, 2007, No. 06-cv-01144-EWN-BNB], affd, 299 Fed Appx 836 [10th Cir 2008]; 7th & Allen Equities v Hartford Cas. Ins. Co., 2012 WL 5392167, *6-7, 2012 US Dist LEXIS 158081, *18-23 [ED Pa, Nov. 2, 2012, No. 11-cv-01567]).
Defendant's separate assertion that plaintiff cannot meet its burden of proving damages is unavailing, as it misapprehends the initial burden defendant bears on its own summary judgment motion.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE [*2]DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024