■ Bernard La Vine, Doing Business as La Vine Real Estate, Appellant-Respondent, v Harlan La Vine, Respondent-Appellant.—Order unanimously modified, on the law, and in the exercise of discretion, and, as modified, affirmed, without costs, in accordance with the following memorandum: From 1967 until 1981 plaintiff uncle employed defendant nephew in the business known as La Vine Real Estate without a written agreement. In 1980, defendant performed appraisal work for MCI Telecommunications Corporation for which plaintiff received payment. In early 1981, while defendant was still employed by plaintiff, MCI contacted defendant to provide brokerage services in connection with leases in six cities. In June 1981, defendant left plaintiff's employ, took the MCI brokerage files with him, and claimed the right to all MCI brokerage commissions. Plaintiff brought this action, seeking recovery of those commissions, which he estimated

exceeded $160,000. Defendant moved for summary judgment and Special Term granted partial summary judgment to defendant dismissing plaintiff's claims for any commissions earned after defendant left plaintiff's employment. It also found that any brokerage commissions earned while defendant was employed by plaintiff belonged to plaintiff, and it ordered a hearing to determine whether any leases were negotiated while defendant was still in plaintiff's employ.

We disagree with the court's conclusion that as a matter of law defendant's duties as an employee included brokerage work. A question of fact exists whether under all the circumstances there was an implied agreement that defendant was to perform brokerage work as part of his employment. A trial is required to resolve this issue. In addition, the issue of whether plaintiff is entitled to any commissions earned after the termination of defendant's employment is best resolved after all the facts have been developed upon the trial.

Accordingly, the order appealed from is modified by deleting from the next to last ordering paragraph that part granting partial summary judgment and by deleting the last paragraph ordering a fact-finding hearing. (Appeals from order of Supreme Court, Tenney, J.—summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Pine and Schnepp, JJ.