■ BERNARD LA VINE, Doing Business as LA VINE REAL ESTATE, Appellant-Respondent, v HARLAN LA VINE, Respondent-Appellant.—Judgment insofar as appealed from unanimously reversed on the law and facts without costs and complaint dismissed. Memorandum: Plaintiff appeals and defendant cross-appeals from the judgment entered after the trial previously ordered in this case (see, La Vine v La Vine, 116 AD2d 1018). The court found that there was an implied agreement between the parties that Harlan La Vine's employment by his uncle, Bernard La Vine, in the business known as La Vine Real Estate included brokerage work, so that commissions earned for brokerage during Harlan's employment belonged to Bernard. (La Vine Real Estate was principally engaged in appraisal work.) Bernard had the burden of proving that such an agreement was implied in fact. "A contract cannot be implied in fact where the facts are inconsistent with its existence; or against the declaration of the party to be charged; or where there is an express contract covering the subject-matter involved; or against the intention or understanding of the parties; or where an express promise would be contrary to law. The assent of the person to be charged is necessary and unless he has conducted himself in such a manner that his assent may fairly be inferred he has not contracted" (Miller v Schloss, 218 NY 400, 406-407).

Although there are some facts found by the court which would support the existence of an implied contract, we find other facts that are inconsistent with it. We find that Bernard himself drew the checks to pay Harlan commissions for managing property owned by Bernard's wife's family and that Bernard knew that Harlan was paid commissions for managing property owned by David Englestein. These facts and the fact found by the trial court that, when Harlan told Bernard he was leaving his employment, Bernard said he wanted 50% of the commissions, are inconsistent with the existence of an

agreement that all brokerage commissions earned by Harlan while employed by Bernard belonged to Bernard. The proof in this record is insufficient to show conduct by Harlan from which his assent to such a contract may be fairly inferred. (Appeals from judgment of Supreme Court, Onondaga County, Zeller, J.H.O.—real estate commissions.) Present—Dillon, P. J., Boomer, Green, Pine and Davis, JJ.