■ HAROLD F. SHEPHERD REAL ESTATE, INC., Appellant, v ROBERT G. FERGUSON et al., Respondents. [614 NYS2d 192] —In an action to recover a real estate broker's commission, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered May 5, 1992, which, upon an order granting the defendants' motion for summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Despite extensive negotiations between the defendants and the prospective purchasers of the defendants' home, the parties were not able to reach an agreement on the inclusion of a clause in the contract which would have permitted unlimited access to the premises by the prospective purchasers' contractors prior to the closing of title. The defendants contend that the accessibility issue was of utmost importance to them because they wanted to limit the degree and extent of access to their home prior to the closing date in order to protect

their valuable antiques, family heirlooms and other personal property, and in order to quietly enjoy the remaining time in their home.

The plaintiff contends that he is entitled to a broker's commission because he produced a ready, willing, and able buyer.

The plaintiff has failed to produce any evidence that there is a genuine issue of material fact which would preclude the granting of summary judgment and dismissal of the complaint. The plaintiff's contention that he is entitled to a broker's commission is based upon a nonexclusive listing agreement. However, the plaintiff has failed to establish that he produced a buyer who was ready, willing, and able to purchase the defendants' property upon those essential terms which are customarily encountered in such a transaction (see, Lane—Real Estate Dept. Store v Lawlet Corp., 28 NY2d 36; Kaelin v Warner, 27 NY2d 352; Taibi v American Banknote Co., 135 AD2d 810).

We have examined the plaintiff's remaining contentions and find them to be without merit. Balletta, J. P., Miller, Hart and Krausman, JJ., concur.