■ M.A. SALAZAR, INC., Respondent-Appellant, v MILDRED LEVY, Appellant-Respondent. [655 NYS2d 612] —In an action to recover a brokerage commission, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Alpert, J.), entered May 7, 1996, as denied that branch of her motion pursuant to CPLR 3211 (a) (7) which was to dismiss the plaintiff's first cause of action, and the plaintiff cross-appeals from so much of the same order as, upon searching the record on the plaintiff's motion for summary judgment, granted partial summary judgment to the defendant dismissing the plaintiff's second cause of action.

Ordered that the cross appeal is dismissed for failure to perfect the same in accordance with the rules of this Court *(see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and upon searching the record, the defendant is awarded summary judgment dismissing the plaintiff's first cause of action, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff, a real estate broker, seeks to recover a commission, claiming it obtained a buyer ready, willing, and able to purchase the defendant's property. The plaintiff claims that the defendant accepted the purchaser's offer to purchase the property for $400,000. The defendant subsequently sold the property to third parties.

It is well settled that a real estate broker is entitled to his

commission only when he procures a purchaser who is ready, willing, and able to purchase on the terms set forth by the seller *(see, Lane-Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36; *Kaelin v Warner,* 27 NY2d 352; *Wykagyl Agency v Rothschild,* 100 AD2d 934). Here, the plaintiff failed to allege that the parties agreed on terms customarily encountered in real estate transactions, such as the closing date, and in the absence of such agreement on essential terms, the plaintiff did not earn any commission *(see, Blaufeux v Paznik,* 162 AD2d 573). Mere agreement as to price on a proposed sale of real property does not constitute a meeting of the minds of buyer and seller so as to entitle the real estate broker to a commission *(see, Taibi v American Banknote Co.,* 135 AD2d 810). We conclude, therefore, that, upon searching the record, summary judgment should be awarded to the defendant dismissing the complaint in its entirety. Sullivan, J. P., Santucci, Friedmann and McGinity, JJ., concur.