■ JOHN WALLICE, Appellant, v WATERPOINTE AT OAKDALE SHORES, INC., Defendant, and FLEET BANK, Respondent. [670 NYS2d 362] —In an action to recover a broker's commission, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated February 25, 1997, which granted the motion of the defendant Fleet Bank for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

It is well settled that where, as here, a moving party has made a prima facie showing of its entitlement to summary judgment, the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 334; *Mayer v McBrunigan Constr. Corp.*, 105 AD2d 774; *Krupp v Aetna Life & Cas. Co.*, 103 AD2d 252, 261-262). It is readily apparent, even after viewing the evidence in the light most favorable to the plaintiff (*see, Robinson v Strong Mem. Hosp.*, 98 AD2d 976), that the plaintiff has failed to raise any triable issues of fact. The evidence shows that the defendant Fleet Bank (hereinafter the Bank) neither engaged the services of the plaintiff nor agreed to pay him a commission. Accordingly, the Supreme Court properly granted summary judgment to the Bank (*see, Julien J. Studley, Inc. v New York News,* 70 NY2d 628; *Helmsley-Spear, Inc. v Melville Corp.*, 203 AD2d 517; *Lubeck Realty v Flintkote Co.*, 170 AD2d 800). Neither the prior denial of the Bank's motion pursuant to CPLR 3211 (a) (7) nor

the plaintiff's purported need for further discovery is sufficient to deny summary judgment in this case (*see, Schwartz v Licht,* 173 AD2d 458, 460; *Garnham & Han Real Estate Brokers v Oppenheimer,* 148 AD2d 493, 495). Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.