■ MARJORIE HAUSMAN REALTY Co., INC., Respondent, v IRENE KLAVER et al., Appellants. [692 NYS2d 681] —In an action to recover a real estate brokerage commission, the defendants appeal from an order of the Supreme Court, Nassau County (Feuerstein, J.), dated July 7, 1998, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On June 29, 1997, 93-year-old Belle Kaplan, who is now deceased, signed a handwritten "binder" agreeing to sell her house in Lawrence, New York, to Mr. and Mrs. Howard Reich for $800,000 "contingent upon [her] lawyer's approval". Al-

though the binder stated that the broker's fee would be paid by the prospective purchasers, it contained no other terms of sale. When Mrs. Kaplan's attorney was unable to reach an agreement on the terms of the proposed sale with the attorney representing the Reichs, Mrs. Kaplan entered into a contract to sell her house to another set of prospective purchasers. The plaintiff real estate broker then commenced this action against Mrs. Kaplan, seeking to recover a commission on the theory that it had procured purchasers who were ready, willing, and able to buy the house on her terms, but that she had breached the binder agreement, thus depriving the plaintiff of the commission it would have received from the Reichs had they been permitted to purchase the property. Mrs. Kaplan countered by moving to dismiss the action upon the grounds that it was barred by the Statute of Frauds and failed to state a cause of action. While the motion was pending, Mrs. Kaplan passed away, and her personal representatives were substituted as defendants. The Supreme Court thereafter denied the motion to dismiss, finding that the complaint stated a cause of action. We reverse.

It is well settled that a real estate broker can recover a commission only if the broker procures a purchaser who is ready, willing, and able to purchase on the terms set forth by the seller (*see, Rusciano Realty Servs. v Griffler,* 62 NY2d 696; *M.A. Salazar, Inc. v Levy,* 237 AD2d 583; *Blaufeux v Paznik,* 162 AD2d 573). Here, however, it is clear from the binder that the parties never reached a meeting of the minds as to the terms customarily contained in an agreement for the sale of real property, such as a contract date, the method for payment of the purchase price, whether the premises was to be sold in "as is" condition or with seller's warranties, and when closing was to take place. Although the binder indicates that the parties agreed upon a purchase price, "[m]ere agreement as to a price on a proposed sale of real property does not constitute a meeting of the minds of buyer and seller so as to entitle the real estate broker to a commission" (*M.A. Salazar, Inc. v Levy, supra,* at 584). Moreover, the plaintiff failed to dispute the defendants' claim that Mrs. Kaplan's attorney never approved the binder agreement. Under these circumstances, the binder merely constituted an agreement to agree, which is unenforceable under the Statute of Frauds (*see,* General Obligations Law § 5-703 [2]; *La Barca v Altenkirch,* 193 AD2d 586), and does not establish that the broker procured purchasers ready, willing, and able to purchase on the seller's terms. Since the evidentiary proof submitted by both parties refutes the plaintiff's material claim that it procured ready, willing, and

able purchasers, the complaint is dismissed for failure to state a cause of action (*see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Adams v O'Connor,* 245 AD2d 537; *CD Music Co. v Bassline, Inc.,* 242 AD2d 654). Ritter, J. P., Altman, Krausman and Florio, JJ., concur.