■ JULIEN J. STUDLEY, INC., Appellant, v LEVY FASHION CENTER ASSOCIATES et al., Respondents. [700 NYS2d 459] —Order, Supreme Court, New York County (Barry Cozier, J.), entered on or about November 24, 1998, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, without costs.

The contract pursuant to which plaintiff was retained to broker the sale of certain commercial real estate does not by its terms obligate defendants to pay plaintiff a brokerage commission and, given the existence of an express agreement governing payment of brokerage commissions for the sale of the subject realty, the motion court correctly held that no obligation on the part of defendants to pay plaintiff a commission for the sale of the subject realty might be implied (*see, Julien J. Studley, Inc. v New York News*, 70 NY2d 628, 629-630; *Miller v Schloss*, 218 NY 400, 406-407). Moreover, the brokerage agreement, which was between plaintiff and parties other than defendants, provided that plaintiff was appointed as the exclusive sales agent of those other parties, and referred to defendant Levy Fashion Center Associates as a third party, thereby negating plaintiff's present contention that Levy owes it a commission. In addition, plaintiff's vague assertion that defendants Olmstead Properties, Inc. and 525 Building Co., L. L. C. tortiously interfered with its contractual rights is unsupported by any evidence and contradicted by the record (*see, NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 621). Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Friedman, JJ.