■ STEVEN FINE ASSOCIATES, INC., et al., Respondents, v NATHAN L. SEROTA et al., Appellants, et al., Defendant. [709 NYS2d 601] —In an action to recover a broker's commission, the defendants Nathan L. Serota, individually, and Nathan L. Serota d/b/a Serota & Sons appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Carter, J.), dated April 23, 1999, as, upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $1,000,084.96.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the complaint is dismissed insofar as asserted against the appellants.

A jury's determination will not be set aside as against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129, 134). Under the circumstances of this case, the jury's finding that the defendants Nathan L. Serota, individually, and Nathan L. Serota d/b/a Serota & Sons

(hereinafter the Serota defendants) were liable for the brokerage commission is against the weight of the evidence.

It is well settled that in order to state a claim for a commission, a broker must prove (1) that it is duly licensed, (2) that it had a contract, express or implied, with the party to be charged with paying the commission, and (3) that it was the procuring cause of the sale (*see, Greene v Hellman,* 51 NY2d 197, 206; *Buck v Cimino,* 243 AD2d 681, 684).

The plaintiffs failed to demonstrate that they were entitled to recover a commission from the Serota defendants under a theory of either express or implied contract. The Serota defendants never retained the plaintiffs to act as their broker, and, in fact, the plaintiffs had entered into an exclusive agreement with the defendant Health Insurance Plan of Greater New York (*see, Julien J. Studley, Inc. v New York News,* 70 NY2d 628, 629; *Schuckman Realty v Marine Midland Bank,* 244 AD2d 400; *Praedia Realty Corp. v Durst,* 233 AD2d 380). Accordingly, the Serota defendants, who were not a party to any brokerage agreement, have no obligation to pay a commission to the plaintiffs (*see, Julien J. Studley, Inc. v Levy Fashion Ctr. Assocs.,* 268 AD2d 218). Santucci, J. P., Thompson, Friedmann and Krausman, JJ., concur.