■ KLING REAL ESTATE, LTD., Appellant, v FRANK DEPALMA, Defendant, and GINA DEPALMA, Respondent. [762 NYS2d 256] —In an action to recover real estate brokerage commissions, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Leibowitz, J.), entered July 9, 2002, as denied its motion for summary judgment and granted the cross motion of the defendant Gina DePalma for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

On or about September 10, 2000, the defendants granted the plaintiff, a licensed real estate brokerage, an exclusive right to sell their single-family home on Staten Island. The defendants thereafter encountered marital difficulties and the defendant Frank DePalma relocated. The plaintiff allegedly procured potential purchasers for the premises and on or about June 8, 2001, the defendant Gina DePalma and the prospective purchasers executed a binder agreement. The purchasers, however, unilaterally modified the contract of sale before returning it to her, and she refused to execute it. The plaintiff filed this breach of contract action seeking to recover a commission in accordance with the June 8, 2001, binder agreement as well as a separate commission from an August 16, 2001, binder agreement Gina DePalma executed in connection with her potential purchase of another property.

"To recover a real estate broker's commission on an unclosed transaction, the plaintiff must establish that he or she procured a prospect who was ready, willing and able to purchase on the seller's terms" (*Brenhouse v Shah Realty Corp.,* 271 AD2d 468 [2000]). " 'At the juncture that the broker produces an acceptable buyer he has fully performed his part of the agreement with the vendor and his right to commission becomes enforceable' (*Hecht v Meller,* 23 NY2d 301, 305 [1968]). The broker's right to this commission is not dependent upon performance of the real estate contract unless there is an agreement to the contrary" (*Mecox Realty Corp. v Rose,* 202 AD2d 404 [1994]; *see Realty Invs. of USA v Bhaidaswala,* 254 AD2d 603 [1998]).

The unilateral modification of the proposed contracts of sale by the prospective purchasers constituted a counter offer which Gina DePalma rejected. Because there was no meeting of the minds as to an essential term of the agreement, the prospec-

tive purchasers were not ready, willing, and able to purchase on the sellers' terms (*see Harper v Rodriguez,* 272 AD2d 372 [2000]). In addition, no cause of action exists against Gina DePalma pursuant to the August 16, 2001, binder, which explicitly obligated the sellers, rather than her, to pay the commission in that real estate transaction. Accordingly, Gina DePalma was entitled to summary judgment dismissing the complaint insofar as asserted against her. Florio, J.P., S. Miller, McGinity and Adams, JJ., concur.