In an action to recover a real estate brokerage commission, the plaintiff appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered August 26, 2002, which granted the defendants’ motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint and denied its cross motion for leave to amend the complaint to add the defendant Valerie Calabria-Maher in her capacity as executrix of the estate of Concetta Calabria as a party.
Ordered that the order is affirmed, with costs.
To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence which forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiffs claim (see Trade Source v Westchester Wood Works, 290 AD2d 437 [2002]). Here, the documentary evidence submitted by both parties flatly *423 contradicted the factual claims alleged in the complaint (see Morris v Morris, 306 AD2d 449 [2003]; Hausman Realty Co. v Klaver, 262 AD2d 613 [1999]; Corporate Natl. Realty v Philson Ltd., 232 AD2d 518 [1996]). Accordingly, the Supreme Court properly dismissed the complaint.
Further, as the plaintiff failed to establish any contractual privity between itself and the proposed defendant, or that there was a meeting of the minds between the buyer and the seller on the essential terms of the sale (see M.A. Salazar, Inc. v Levy, 237 AD2d 583 [1997]), the Supreme Court properly denied the plaintiffs cross motion for leave to amend the complaint to add a party defendant since “an amendment which is devoid of merit, and whose insufficiency or lack of merit is ‘clear and free from doubt’ will not be permitted” (Mathison v Zocco, 207 AD2d 434, 435 [1994], quoting Hauptman v New York City Health & Hosps. Corp., 162 AD2d 588, 589 [1990]).
The plaintiff’s remaining contentions are without merit. Smith, J.E, McGinity, H. Miller and Rivera, JJ., concur.