■ LARRY LANGER, Appellant, v SIRAJ DADABHOY et al., Respondents. [843 NYS2d 262]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered November 17, 2006, which, to the extent appealed, granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7), unanimously affirmed, with costs.

The breach of contract claim was properly dismissed, since plaintiff's bare allegation that he had merely set "aside" funds for the purchase of the real estate does not constitute adequate consideration for an alleged agreement.

In regard to the claim for breach of a joint venture, plaintiff failed to sufficiently set forth facts to establish such elements as his contribution of property, skills, etc., control over the venture or a sharing of possible financial losses (*see Matter of Steinbeck v Gerosa*, 4 NY2d 302, 317 [1958], *appeal dismissed* 358 US 39 [1958]). Moreover, absent a proper pleading of a joint venture, plaintiff's alleged oral agreement to invest $150,000 towards the purchase of real property was unenforceable under the statute of frauds (*see* General Obligations Law § 5-703 [1]; *see e.g. Nemelka v Questor Mgt. Co., LLC*, 40 AD3d 505 [2007]). We further note that documentary evidence in the form of e-mails conclusively established that the parties intended to finalize their agreement in a writing, which never materialized, inasmuch as negotiations had been ongoing and were eventually discontinued with plaintiff (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). As such, there was no mutual assent or meeting of the minds as to the proposed joint venture (*see May v Wilcox*, 182 AD2 939 [1992]).

In light of these findings, plaintiff's causes of action for breach of fiduciary duty and for the imposition of a constructive trust fail as well (*see Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp.*, 14 AD3d 678 [2005]). Concur—Tom, J.P., Mazzarelli, Friedman, Sullivan and Nardelli, JJ.