■ CRIFASI REAL ESTATE, INC., Appellant, v HARV ENTERPRISES, INC., Respondent. [874 NYS2d 391]—

In an action, inter alia, to recover a brokerage commission, the plaintiff appeals from an order of the Supreme Court, Queens County (Elliot, J.), dated January 7, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"To recover a commission, a real estate broker must estab-

lish, inter alia, that it procured a purchaser ready, willing, and able to buy the subject property on the terms set by the seller" (*Hampton Country Real Estate v Rizzo,* 305 AD2d 458, 459 [2003]). "[M]ere agreement as to price on a proposed sale of real property does not constitute a meeting of the minds of vendor and vendee so as to entitle the real estate broker to commissions. The parties must be brought to agreement with respect to all terms customarily encountered in such a transaction" (*Kaelin v Warner,* 27 NY2d 352, 355 [1971] [internal quotations marks and citations omitted]; *see Hausman Realty Co. v Klaver,* 262 AD2d 613 [1999]; *Harold F. Shepherd Real Estate v Ferguson,* 204 AD2d 392 [1994]).

The defendant established its prima facie entitlement to summary judgment through its submission of deposition testimony and affidavits demonstrating that a meeting of the minds was not reached regarding essential terms of a contract to sell real property (*see Hampton Country Real Estate v Rizzo,* 305 AD2d 458 [2003]; *Jacob v O'Brien,* 252 AD2d 515 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Hampton Country Real Estate v Rizzo,* 305 AD2d 458 [2003]).

In light of our determination, it is unnecessary to address the plaintiff's remaining contentions. Prudenti, P.J., Ritter, Santucci and Chambers, JJ., concur.