■ KAPLON-BELO ASSOCIATES, INC., Appellant, v FRANK D'ANGELO et al., Respondents. [913 NYS2d 728]—

In an action to recover a real estate brokerage commission, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), entered August 25, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In order to recover a brokerage commission, the plaintiff must plead and prove that it was retained by the defendants (*see Julien J. Studley, Inc. v New York News*, 70 NY2d 628, 629 [1987]; *Steven Fine Assoc. v Serota*, 273 AD2d 375, 376 [2000]; *Wallice v Waterpointe at Oakdale Shores*, 249 AD2d 383 [1998]; *Schuckman Realty v Marine Midland Bank*, 244 AD2d 400 [1997]). The plaintiff must then "establish, inter alia, that it procured a purchaser ready, willing, and able to buy the subject property on the terms set by the [defendants]" (*Crifasi Real Estate, Inc. v Harv Enters., Inc.*, 60 AD3d 802, 802-803 [2009]; *see Kaelin v Warner*, 27 NY2d 352, 355 [1971]; *Hampton Country Real Estate v Rizzo*, 305 AD2d 458 [2003]). "[I]t [is] settled that 'mere agreement as to price on a proposed sale of real property does not constitute a meeting of the minds of vendor and vendee so as to entitle the real estate broker to commissions. The parties must be brought to agreement with respect to all terms customarily encountered in such a transaction' " (*Kaelin v Warner*, 27 NY2d at 355, quoting *Matter of Altz*, 274 App Div 894, 894 [1948], *affd* 300 NY 607 [1949]; *see Hausman Realty Co. v Klaver*, 262 AD2d 613 [1999]; *Harold F. Shepherd Real Estate v Ferguson*, 204 AD2d 392 [1994]).

The defendants established their entitlement to judgment as a matter of law by submitting evidence that the plaintiff was not authorized by the defendants to be the defendants' real estate broker but, instead, was the prospective buyer's real estate broker (*see Julien J. Studley, Inc. v New York News*, 70 NY2d at 629; *Steven Fine Assoc. v Serota*, 273 AD2d at 376;

*Wallice v Waterpointe at Oakdale Shores*, 249 AD2d 383 [1998]; *Schuckman Realty v Marine Midland Bank*, 244 AD2d 400 [1997]). The plaintiff failed to raise a triable issue of fact in opposition.

In any event, the defendants also made a prima facie showing of their entitlement to judgment as matter of law by establishing that there was no meeting of the minds with respect to all terms customarily encountered in a real estate transaction (*see Kaelin v Warner*, 27 NY2d at 355-356; *Hampton Country Real Estate v Rizzo*, 305 AD2d 458 [2003]; *Jacob v O'Brien*, 252 AD2d 515 [1998]). In opposition to the defendant's prima facie showing in this regard, the plaintiff failed to raise a triable issue of fact (*see Kaelin v Warner*, 27 NY2d 352 [1971]; *Hampton Country Real Estate v Rizzo*, 305 AD2d 458 [2003]; *Jacob v O'Brien*, 252 AD2d 515 [1998]).

The defendants also met their burden on the summary judgment motion by submitting sufficient evidence that the plaintiff did not produce a buyer that was "ready, willing and able" to proceed with the transaction (*Taibi v American Banknote Co.*, 135 AD2d 810, 810 [1987]; *see Brenhouse v Shah Realty Corp.*, 271 AD2d 468 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Fisher, Roman and Sgroi, JJ., concur.