■ PINNACLE REALTY OF NEW YORK, LLC, Respondent, v 255 BUTLER, LLC, et al., Appellants. [5 NYS3d 173]—

In an action to recover a real estate brokerage commission, the defendants appeal from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated April 10, 2013, as denied their motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, with costs, and the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint is granted.

The plaintiff, a real estate broker, commenced this action to recover a brokerage commission, based on the allegation that it procured a buyer who was ready, willing, and able to purchase the defendants' commercial property in Brooklyn upon terms agreed to with the defendants. The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007] [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Agai v Liberty Mut. Agency Corp.*, 118 AD3d 830, 831-832 [2014]).

"Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Agai v Liberty Mut. Agency Corp.*, 118 AD3d at 832; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

"To establish the right to a commission, a broker must demonstrate that he or she produced a ready, willing, and able purchaser who came to a meeting of the minds with the seller as to all of the material terms of the sale" (*Heelan Realty & Dev. Corp. v Ocskasy*, 27 AD3d 620, 621 [2006]; *see Kaplon-Belo Assoc., Inc. v D'Angelo*, 79 AD3d 930, 930 [2010]; *Kling Real Estate v DePalma*, 306 AD2d 445, 446 [2003]). Here, the parties' submissions, which included printouts of emails and drafts of contracts, established that the defendants and the prospective purchaser did not come to a meeting of the minds as to the essential terms of the sale and, thus, disproved the plaintiff's allegation that it procured a buyer who was ready, willing, and able to purchase the property (*see Kling Real Estate v DePalma*, 306 AD2d at 445-446; *2001 Real Estate: Space Catalyst v DiBenedetto*, 207 AD2d 442 [1994]; *see also Langer v Dadabhoy*, 44 AD3d 425, 426 [2007]; *see generally Brause v Goldman*, 10 AD2d 328, 332 [1960], *affd* 9 NY2d 620 [1961]). Since the evidentiary submissions demonstrated that this material fact alleged by the plaintiff to be one was "not a fact at all" and "no significant dispute exists regarding it" (*Guggenheimer v Ginzburg*, 43 NY2d at 275), the Supreme Court should have granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint.

In light of our determination, the defendants' remaining contentions need not be reached. Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.