■ GAIL M. EVERETT, Individually and as Proposed Administratrix of the Estate of ANDRE LaSALLE EVERETT, Deceased, et al., Respondents, v EASTCHESTER POLICE DEPARTMENT et al., Appellants, et al., Defendant. [8 NYS3d 360]—

In an action, inter alia, to recover damages for wrongful death, the defendants Eastchester Police Department and Town of Eastchester appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated August 22, 2013, as denied those branches of their cross motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first, fifth, and eighth causes of action insofar as asserted against them for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the cross motion of the defendants Eastchester Police Department and Town of Eastchester which were pursuant to CPLR 3211 (a) (7) to dismiss the first, fifth, and eighth causes of action insofar as asserted against them for failure to state a cause of action are granted.

The defendant James Pileggi, Jr., was a police officer employed by the defendants Eastchester Police Department and Town of Eastchester (hereinafter together the appellants). One night, Pileggi was handling his "off-duty handgun" when it went off and killed his friend Andre LaSalle Everett (hereinafter the deceased victim).

This action was commenced by the deceased victim's mother, as administrator of the deceased victim's estate and individually, his grandmother, and his sister. As relevant here, the amended complaint asserted six causes of action against the appellants.

In response to a motion made by the plaintiffs, the appellants cross-moved pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against them for failure to state a cause of action. The Supreme Court, among other things, granted those branches of the cross motion which were to dismiss the third, seventh, and ninth causes of action. The court denied those branches of the cross motion which were to dismiss the first, fifth, and eighth causes of action.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every pos-

sible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007] [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Pinnacle Realty of N.Y., LLC v 255 Butler, LLC*, 125 AD3d 952 [2015]). Although the facts pleaded are presumed to be true and are to be accorded every favorable inference (*see Gershon v Goldberg*, 30 AD3d 372 [2006]), "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (*Riback v Margulis*, 43 AD3d 1023, 1023 [2007]; *see Baron v Galasso*, 83 AD3d 626, 628 [2011]), "nor are legal conclusions or factual claims which are inherently incredible entitled to any such consideration" (*Strunk v New York State Bd. of Elections*, 126 AD3d 777, 778 [2d Dept 2015]; *see Greene v Doral Conference Ctr. Assoc.*, 18 AD3d 429, 430 [2005]). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Agai v Liberty Mut. Agency Corp.*, 118 AD3d 830, 832 [2014]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Pinnacle Realty of N.Y., LLC v 255 Butler, LLC*, 125 AD3d 952 [2015]).

The first cause of action asserted in the amended complaint alleged that the appellants were liable for negligent hiring, retention, and supervision of Pileggi. A necessary element of this cause of action is that the "employer knew or should have known of the employee's propensity for the conduct which caused the injury" (*Bumpus v New York City Tr. Auth.*, 47 AD3d 653, 654 [2008] [internal quotation marks omitted]; *see Ronessa H. v City of New York*, 101 AD3d 947, 948 [2012]). Here, the evidentiary material submitted by the appellants demonstrated that the plaintiffs did not have a cause of action against them for negligent hiring, retention, or supervision, as alleged in the first cause of action (*see "John Doe 1" v Board of Educ. of Greenport Union Free Sch. Dist.*, 100 AD3d 703, 704-705 [2012]; *Rodrigues-Lytwyn v Roman Catholic Diocese of Brooklyn*, 79 AD3d 840, 841 [2010]; *Mason v Ben Roy Das, Inc.*, 34 AD3d 768, 768 [2006]). Accordingly, the Supreme Court should have granted that branch of the appellant's cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action.

The fifth cause of action asserted in the amended complaint alleged that the appellants were vicariously liable pursuant to the doctrine of respondeat superior. "Pursuant to the doctrine of respondeat superior, an employer is vicariously liable for torts committed by an employee within the scope of employment and in furtherance of the employer's business" (*Nerey v Greenpoint Mtge. Funding, Inc.*, 116 AD3d 1015, 1016 [2014]; *see Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]). Here, although the amended complaint generally alleged that Pileggi was acting within the scope of his employment and in furtherance of the appellants' purpose, the evidentiary material submitted in support of the appellants' cross motion demonstrated that this material fact alleged by the plaintiffs was "not a fact at all" and "no significant dispute exists regarding it" (*Guggenheimer v Ginzburg*, 43 NY2d at 275; *see Smith v Pottery King, Inc.*, 125 AD3d 753 [2015]; *"John Doe 1" v Board of Educ. of Greenport Union Free Sch. Dist.*, 100 AD3d at 704-705; *see generally Pinnacle Realty of N.Y., LLC v 255 Butler, LLC*, 125 AD3d 952 [2015]). Accordingly, the Supreme Court should have granted that branch of the appellants' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action.

In light of the foregoing, the eighth cause of action asserted in the amended complaint, to recover damages for wrongful death, also should have been dismissed insofar as asserted against the appellants (*see Kudisch v Grumpy Jack's, Inc.*, 112 AD3d 788, 790 [2013]).

The appellants' remaining contentions have been rendered academic in light of our determination. Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.

---

Motion by the appellants to strike stated portions of the respondents' brief on an appeal from an order of the Supreme Court, Westchester County, entered August 22, 2013, on the ground that they refer to matter dehors the record or, in the alternative, to enlarge the record to include transcripts of certain deposition testimony or for the Court to take judicial notice of the deposition testimony. Cross motion by the respondents to strike stated portions of the appellants' brief and the appellants' reply brief on the grounds that they refer to matter dehors the record and improperly raise issues for the first time on appeal, and to impose a sanction upon the appellants. By decision and order on motion of this Court dated July 10, 2014, the motion and the cross motion were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and cross motion, and the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the motion is granted to the extent that Point II(A) on pages 31 and 32 of the respondents' brief is stricken and has not been considered in the determination of the appeal, and the motion is otherwise denied; and it is further,

Ordered that the cross motion is denied. Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.