| |
|---|
| **Marcello v City of New York** |
| 2024 NY Slip Op 31691(U) |
| May 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155633/2022 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. HASA A. KINGO**

*Justice*

--------------------------------------------------------------------------X

PATRICIA MARCELLO,

Plaintiff,

- v -

THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION, THE NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION,

Defendant.

--------------------------------------------------------------------------X

| | |
|---|---|
| PART | 05M |
| INDEX NO. | 155633/2022 |
| MOTION DATE | 03/29/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 16, 17

were read on this motion to/for _____ CONSOLIDATE/JOIN FOR TRIAL _____ .

Upon the foregoing documents, it is ORDERED that plaintiff Patricia Marcello's (hereinafter "plaintiff") motion to consolidate, pursuant to CPLR §602, is granted. Plaintiff seeks to consolidate this action, Index No.: 155633/2022 (Action #1), with a related action pending in this court, the Supreme Court, New York County, bearing Index No.: 150127/2023 (Action #2). Plaintiff argues that both actions arise from identical facts and circumstances, and involve common questions of law and fact. Defendant Spectrum New York Metro LLC (hereinafter "Spectrum") opposes the motion, contending that the temporal disparity between the commencement of each action may prejudice Spectrum's ability to mount a proper defense in the 2023 action, which has yet to have a preliminary conference. Spectrum maintains that its circumstances markedly differ from those of other defendants, who have enjoyed nearly a year more for litigation.

**155633/2022 MARCELLO, PATRICIA vs. THE CITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 1 of 4**

1 of 4

CPLR §602 states that "[w]hen actions involving a common question of law or fact are pending before a court, the court, upon motion … may order the actions consolidated." A motion to consolidate is addressed to the sound discretion of the trial court (*Gov't Employees Ins. Co. v. Uniroyal Goodrich Tire Co.*, 242 AD2d 765 [3d Dept 1997]). Consolidation can only be ordered where there is a common question of law or fact between the two actions involved (*Gibbons v. Groat*, 22 AD2d 996 [3d Dept 1964]; *Keenan v. American Bridge Division- United States Steel Corp.*, 31 AD2d 637 [2d Dept 1968]). Absent a showing of prejudice to a substantial right by a party opposing the motion, consolidation should be granted where common questions of fact or law exist (*Gadelov v. Shure*, 273 AD2d 375 [2d Dept 2000]; *Berman v. Greenwood Village Community Dev., Inc.*, 156 AD2d 326 [2d Dept 1989]).

Here, it is undisputed that the actions arise out of the accident and involve the same parties. Likewise, the witnesses in both actions are identical and the issues to be resolved are the same. Therefore, a full consolidation of the two actions would minimize court expense, as well as the time witnesses and parties will have to appear, and will avoid duplication of testimony and expedite discovery. The court acknowledges the arguments regarding prejudice advanced by Spectrum, but finds that such prejudice can be mitigated by directing plaintiff to exchange all written discovery from the instant action with Spectrum, and by providing the parties in the subsequently filed action the right to depose the parties from the instant action. Moreover, the court notes that a preliminary conference has yet to be held in either action, thereby qualifying the arguments regarding prejudice advanced by Spectrum. Considering all the arguments advanced, plaintiff's motion is granted under the aforementioned conditions. Accordingly, it is hereby

ORDERED that the motion is granted and the above-captioned action is consolidated in this court with PATRICIA MARCELLO vs. EMPIRE CITY SUBWAY COMPANY (LIMITED),

**155633/2022   MARCELLO, PATRICIA vs. THE CITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 2 of 4**

2 of 4

EJM CONSULTING LLC, and SPECTRUM NEW YORK METRO, LLC, Index No. 150127/2023, pending in this court; and it is further

ORDERED that the consolidation shall take place under Index No. 155623/2022 and the consolidated action shall bear the following caption:

```
-------------------------------------------------------------------------------X
```

PATRICIA MARCELLO,

Plaintiff,

- v -

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF TRANSPORTATION, THE NEW YORK
CITY DEPARTMENT OF ENVIRONMENTAL
PROTECTION, EMPIRE CITY SUBWAY COMPANY
(LIMITED), EJM CONSULTING LLC, and SPECTRUM NEW
YORK METRO, LLC,

Defendant.

```
-------------------------------------------------------------------------------X
```

; and it is further

ORDERED that the pleadings in the actions hereby consolidated shall stand as the pleadings in the consolidated action; and it is further

ORDERED that, within 30 days from entry of this order, movant shall serve a copy of this order with notice of entry on the Clerk of the Court, who shall consolidate the documents in the actions hereby consolidated and shall mark his records to reflect the consolidation; and it is further

ORDERED that counsel for the movant shall contact the staff of the Clerk of the Court to arrange for the effectuation of the consolidation hereby directed; and it is further

ORDERED that service of this order upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk*

**155633/2022   MARCELLO, PATRICIA vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 3 of 4**

3 of 4

*Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that, as applicable and insofar as is practical, the Clerk of this Court shall file the documents being consolidated in the consolidated case file under the index number of the consolidated action in the New York State Courts Electronic Filing System or make appropriate notations of such documents in the e-filing records of the court so as to ensure access to the documents in the consolidated action; and it is further

ORDERED that, within 30 days from entry of this order, movant shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office, who is hereby directed to reflect the consolidation by appropriately marking the court's records; and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the aforesaid *Protocol*; and it is further

ORDERED that plaintiff is directed to exchange all written discovery from Index No. 155633/2022 with Spectrum, and shall provide said discovery no later than June 21, 2024; and it is further

ORDERED that the parties to the action formerly filed under Index No. 150127/2023 shall have the right to depose the parties under the newly consolidated Index No. 155623/2022; and it is further

ORDERED that the Clerk is directed to set this matter down for a preliminary conference in the DCM Part on the next available date.

| 5/15/2024 | |
|---|---|
| **DATE** | **HASA A. KINGO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION |
|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |

**155633/2022   MARCELLO, PATRICIA vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 4 of 4